UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHRUTI SHETTY,
    Plaintiff,

v.

CISCO, et al.,
    Defendants.

Case No. 17-cv-0933-PJH

**ORDER DENYING MOTION TO VACATE**

On April 7, 2017, the court dismissed the above-entitled action for failure to state a claim, with leave to amend. The court ordered that the amended complaint be filed no later than May 10, 2017. Plaintiff failed file an amended complaint by that date. On May 12, 2017, the court dismissed the case and entered judgment. On May 16, 2017, plaintiff filed a "motion to not dismiss case." The court denied the motion, as the case was already dismissed. On May 22, 2017, plaintiff filed a motion to vacate the judgment. The court interprets the motion as a motion for reconsideration of the order dismissing the case.

A motion to reconsider a final appealable order is appropriately brought under Federal Rule of Civil Procedure 59(e) or 60(b). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Motions for reconsideration should not be frequently made or freely granted. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637

F.2d 1338, 1341 (9th Cir.1980).

Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Rule 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) does not describe the conditions under which a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sissoko v. Rocha, 440 F.3d 1145, 1153-54 (9th Cir. 2006).

A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)); see also Casey v. Albertson's Inc., 362 F.3d 1254, 1259-61 (9th Cir. 2004) (referring to Rule 60(b)); Kona Enters, 229 F.3d at 890 (interpreting Rule 59(e)). The sole exception is when the court has committed "clear" or "manifest" error. However, mere disagreement with a court's order does not provide a basis for reconsideration. See McDowell v. Calderon, 197 F.3d 1253, 1256 (9th Cir. 1999).

Here, plaintiff contends that "the matter was mailed before deadline on 11th May 2017 from SF county but received by Oakland court a week after. Hence the motion filed date is reflected as 16th May 2017 as against 11th May 2017." Plaintiff appears to be referring to the "motion to not dismiss case," which was received and filed by the court on May 16, 2017.

2

Plaintiff provides no evidence supporting her claim that she mailed the motion on May 11, 2017. More importantly, while the court found the motion largely incomprehensible, the court did carefully review it for any request for relief from the deadline for filing the amended complaint, but found none. It is also worth noting that in addition to failing to comply with the deadline for filing the amended complaint, plaintiff filed no objection to the March 20, 2017 report and recommendation, in which Magistrate Judge Beeler recommended that the complaint be dismissed with leave to amend.

Plaintiff has articulated no basis for vacating the judgment, apart from a vague suggestion that in her view, the complaint should not have been dismissed. The motion is DENIED. The court will entertain no further motions in this case. The remaining motions listed on the caption of the motion to vacate are DENIED as moot.

**IT IS SO ORDERED.**

Dated: May 24, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge